IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAMMY L. SAVAGE-GREEN,                    Civil Action

    Plaintiff,                                        No.

v.

COSTAR REALTY INFORMATION, INC.,

    Defendant.                                       JURY TRIAL DEMANDED

## CIVIL COMPLAINT

Plaintiff, Tammy L. Savage-Green, by undersigned counsel files this Civil Complaint and in support alleges the following:

### I. Jurisdiction

1. The Jurisdiction of this Court is invoked pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, 28 U.S.C. §1331 and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in the Americans with Disabilities Act because:

    a. She filed a timely written complaint of disability discrimination with the Equal Opportunity Employment Commission ("EEOC") and Pennsylvania Human Relations Commission (PHRC) on August 25, 2015

    b. Plaintiff received a Notice of Right to Sue from the EEOC dated May 31, 2017;

    c. This action was filed with this Court within 90 days of receipt of that Notice; and

    d. More than one year has lapsed since the date Plaintiff filed her PHRC complaint and the PHRC neither dismissed the action nor entered into a

conciliation agreement to which Plaintiff was a party.

## II. The Parties

3. Plaintiff, Tammy L. Savage-Green is an adult individual who resides at 243 Fairview Drive, New Kensington, PA 15068. At all times relevant she was a qualified individual with a disability and an employee of Defendant.

4. Defendant CoStar Realty Information, Inc., is a corporation engaged in the business of commercial real estate, date and advertising, with its principal place of business at One Oxford Centre, 301 Grant Street, 43rd Floor, Pittsburgh, PA 15219.

5. At all times relevant to this action, Defendant was Savage-Green's employer and was a covered entity within the meaning of 42 U.S.C. §12111(2), and an "Employer" within the meaning of 42 U.S.C. §12111(5), and 43 Pa. Cons.Stat.Ann. §954(b) because employed more than 15 employees, and more than four employees in Pennsylvania, and because it is engaged in industry affecting interstate commerce

## III. Factual Background

6. Savage-Green worked for Defendant from October 27, 2013, through February 24, 2015 as a Sales/Account Executive.

7. During that period she performed her job duties in a manner fully acceptable to Defendant, and indeed her sales numbers were well above average.

8. But Savage-Green suffers from a crushed disc in her lower back which causes numbness in her right leg and substantially limits her in several major life activities, including without limitation, walking, lifting, stopping, climbing, running, driving, and standing or sitting for long periods.

9. During Savage-Green's first thirteen months of employment, Patrick Doyle, her immediate Supervisor at the time, was aware of her impairments and approved a reasonable accommodation for her to perform the essential functions of her position.

10. From the time of her hire until December 2014, Savage-Green was permitted to include phone conversations resulting in a movement toward contracts as "recorded activity."

11 However, Doyle did not inform Defendant's Human Resources department about this accommodation and did not require Savage-Green to present documentation of her disability at that time.

12. Nevertheless, Savage-Green successfully closed business and consistently met her sales goals, and, indeed, frequently closed more business per month than the rest of her sales team.

13. As of December 2014, Stephen Allegro served as Interim Supervisor for Savage-Green's team until Paul Greco was appointed Savage-Green's Interim Regional Manager in approximately early February 2015.

14. Defendant knew about Savage-Green's impairment because she informed Allegro, and Donna Tanenbaum, Defendant's Human Resources representative, on February 11, 2015 while at a conference in Washington, D.C.

15. Savage-Green informed Allegro and Tanenbaum that Doyle had allowed her to document phone conversations as activities when she was unable to drive due to her disability for face to face meetings.

16. Savage-Green made Allegro and Tanebaum aware because she was being considered for a promotion and may need additional reasonable accommodation.

17. Allegro and Tanenbaum told Savage Green that Doyle should have informed Human

Resources but that it was ok and that they would work with it.

18. Savage-Green likewise informed her new Regional Manager, Greco, about her disability and impairments on February 16, 2015.

19. In or about February 15, 2015, Savage-Green was scheduled to interview for a promotion. However, shortly after informing Defendant's managers that she had a disability, and impairments, she was contacted by Defendant's Human Resources a day before the scheduled interview and informed she was no longer being considered for the position.

20. Defendant said the reason the interview was cancelled is because Savage-Green did not have a bachelor's degree and if it had known from the beginning, it would not have hired her. Savage-Green's education is clearly stated on her resume and application materials.

21. At the same time, Greco manipulated sales approvals and transferred Savage-Green's business to a coworker, David Strejeck, who does not have a known disability, in a way to inflate his performance and income numbers.

22. In February 2015, shortly after learning that Savage-Green has a disability and impairments, Greco gave her a written warning for time scheduled/events entered.

23. Shortly after learning that Savage-Green had a disability and impairments, Greco demanded that she present a work release from her physician.

24. On or about February 23, 2015, Savage-Green provided documentation of her disability and a full duty work release from her physician to Greco.

25. Greco fired Savage Green the very next day, and told her "Costar can no longer support your employment" with no further explanation.

26. Other employees who did not have a known disability were not disciplined or

discharged for using phone contacts or entering events other than face to face contacts to fulfill event requirements as it was common practice to use these types of events.

27. Christine Tomasits, who does not have a known disability, replaced Savage-Green in February 2015 immediately after Defendant fired her.

28. During January-February 2015, Savage-Green earned commissions on sales that were completed.

29. Pursuant to the contract between Defendant and Savage-Green, she was to be paid commissions on her completed sales. These commission payments were due at the next regularly scheduled pay day.

30. During the above period, Defendant was obligated to pay Savage Green commissions in an amount of approximately $10,000.

31. However, Defendant did not pay Savage Green these amounts after it fired her.

**Count I**
**Americans with Disabilities Act: Discrimination and Failure to Accommodate**

32. Plaintiff incorporates by reference the allegations in paragraphs 1 through 31 as if fully restated herein.

33. As described above, Savage-Green is disabled within the meaning of the ADA, because she is substantially limited in performing several major life activities; Defendant perceived her as having such impairments; and she has a record of such impairments.

34. Savage-Green was qualified for the Sales/Account Executive position, and could perform all essential functions of the position with or without reasonable accommodations. Thus, she was a qualified individual with a disability under 42 U.S.C. § 12111(8).

35. Defendant discharged, and failed to promote Savage-Green because of her

disabilities, in violation of 42 U.S.C. § 12112(a).

36. Defendant also refused to make reasonable accommodations for Savage-Green's known disabilities in violation of 42 U.S.C. § 12112(b)(5)(A)-(B).

37. Defendant's violation of the Americans with Disabilities Act was intentional and done with reckless disregard of Savage-Green's federally protected right to be free of discrimination on the basis of her disabilities.

38. As a direct and proximate result of Defendant's discharge of and/or failure to promote Savage-Green, as well as Defendant's failure to accommodate her disabilities, Savage-Green has suffered and continues to suffer damages, including, but not limited to:

    a. Lost wages and benefits;

    b. Emotional distress, anxiety, humiliation and inconvenience;

    c. Costs and expenses of litigation; and

    d. Attorney's fees.

WHEREFORE, Savage-Green demands judgment against Defendant for its violation of the Americans with Disabilities Act as follows:

    a. That the Court enter a Judgment Order declaring Defendant's actions to be unlawful and in violation of the ADA;

    b. Back pay and benefits from February 2015 until the time of trial, with interest;

    c. That Defendant be ordered to reinstate Plaintiff into the position he held on February 24, 2015, and provide her with accumulated seniority, fringe benefits, and all other associated rights or front pay;

    d. That Defendant be ordered to promote Plaintiff to the position she sought in February 2015.

    e. Compensatory damages for her emotional distress, anxiety, humiliation and

inconvenience;

f. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

g. Reasonable attorney's fees and costs and expenses of litigation; and

h. Such other legal and equitable relief as the Court deems just and proper.

## Count II
## Americans with Disabilities Act: Retaliation

39. Plaintiff incorporates by reference the allegations in paragraphs 1 through 38 as if fully restated herein.

40. As described above, Plaintiff is disabled within the meaning of the ADA; Defendant perceived her as having such an impairment; and he has a record of such an impairment.

41. Defendant discharged Savage-Green in retaliation for requesting a reasonable accommodation under the ADA, in violation of 42 U.S.C. § 12203(a).

42. Defendant's discharge of Savage-Green was undertaken with malice or reckless indifference to her federally protected right not to be retaliated against for requesting a reasonable accommodation.

43. As a direct and proximate result of Defendant's discharge of Savage-Green, she has suffered and continues to suffer damages, including, but not limited to:

   a. Lost wages and benefits;

   b. Emotional distress, anxiety, humiliation and inconvenience;

   c. Costs and expenses of litigation; and

   d. Attorneys fees.

## Count III
## Pennsylvania Wage Payment & Collection Law
## <u>Plaintiff v. Defendant</u>

44. Plaintiff incorporates by reference the allegations in paragraphs 1 through 43 as if fully restated herein.

45. Commissions due for sales completed by Savage Green is a "wage" within the meaning of the Pennsylvania Wage Payment & Collection Law.

46. As set forth above, Defendant's failure to pay Savage-Green the wages due and owing violates the PWPL, 43 Pa. Stat. §260.3(a).

47. Defendant's failure to pay Savage Green commissions due and owing from January and February 2015 was willful.

WHEREFORE, Savage-Green demands judgment against Defendant for the following:

    a. Damages for unpaid wages;

    b. Liquidated damages equal to 25% of the total unpaid wages; and

    c. Costs and attorneys' fees, pursuant to 43 Pa. Stat. §260.9a(f).

## Count IV
## PHRA

48. Plaintiff incorporates by reference the allegations in paragraphs 1 through 47 as if fully restated herein.

49. Defendant's firing of Savage-Green violated the PHRA, 43 Pa. Conns. Stat.Ann. §955(a) <u>et seq</u>.

50. As a direct result of Defendant's violation of the PHRA, Savage-Green has lost wages and other economic benefits of his employment with Defendant, in addition to suffering extreme emotional distress, depression, inconvenience and humiliation.

WHEREFORE, Savage-Green requests the following:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b. That Defendant be ordered to reinstate Savage-Green;

c. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

e. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g. That the Court grant Savage-Green additional relief as may be just and proper.

Respectfully submitted,

**Samuel J. Cordes & Associates**

/S/ Samuel J. Cordes
Samuel J. Cordes
Pa.I.D. No. 54874

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 281-7991

Attorney for Plaintiff